UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**,
600 Pennsylvania Avenue, N.W.
Washington, DC 20580,

      **Plaintiff**,

      v.

**GRAVITY DEFYER MEDICAL
TECHNOLOGY CORPORATION**, also d/b/a
GRAVITY DEFYER CORPORATION, a
corporation,
10643 Glenoaks Boulevard
Pacoima, CA 91331, and

**ALEXANDER ELNEKAVEH**, individually and
as an officer of GRAVITY DEFYER MEDICAL
TECHNOLOGY CORPORATION,
10643 Glenoaks Boulevard
Pacoima, CA 91331,

      **Defendants**.

Case No. _____

**COMPLAINT FOR PERMANENT INJUNCTION,
CIVIL PENALTIES, AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint

alleges:

1.      The FTC brings this action under Sections 5(a) and (*l*) of the FTC Act, 15 U.S.C.

§§ 45(a) and (*l*), which authorize the FTC to seek, and the Court to order, monetary civil

penalties and permanent injunctive and other relief for (a) violations of a 2001 order issued by

the Commission and (b) Defendants' acts or practices in violation of Sections 5(a) and 12 of the

FTC Act, 15 U.S.C. §§ 45(a) and 52. *See* Exhibit A, pp. 3-6, *In re Esrim Ve Sheva Holding*

*Corp.*, 132 F.T.C. 736, 2001 FTC LEXIS 192 ("Commission Order").  (The Commission Order

is also available at https://www.ftc.gov/sites/default/files/documents/cases/2001/12/evshdo.pdf.)

## SUMMARY OF CASE

2.      Defendant Gravity Defyer Medical Technology Corporation ("Gravity Defyer")

labels, advertises, markets, distributes, and sells footwear under the brand name "Gravity

Defyer."  Defendant Alexander Elnekaveh owns Gravity Defyer.  This action seeks to hold

Gravity Defyer and Alexander Elnekaveh accountable for violating the FTC Act by claiming,

without substantiation, that Gravity Defyer footwear reduces knee, back, ankle, and foot pain and

helps with various conditions, including conditions such as plantar fasciitis, arthritis, joint pain,

and heel spurs.  This action also seeks to hold Defendants accountable for violating the

Commission Order, which prohibits making misrepresentations through user testimonials or

about tests, studies, or research.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a),

and 1345.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (b)(3), (c)(2), and

15 U.S.C. § 53(b).

## PLAINTIFF

5.      The FTC is an independent agency of the United States Government created by

the FTC Act, which authorizes the FTC to commence this district court civil action by its own

attorneys.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, and

Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs,

devices, services, or cosmetics in or affecting commerce.  The FTC also enforces Section 5(*l*) of

the FTC Act, 15 U.S.C. §5(l), which makes it unlawful to violate a Commission order after it has

become final and while it is in effect.

## DEFENDANTS

6.      Defendant Gravity Defyer Medical Technology Corporation, also doing business

as Gravity Defyer Corporation, is a California corporation with its principal place of business at

10643 Glenoaks Boulevard, Pacoima, CA 91331.  Gravity Defyer transacts or has transacted

business in this District and throughout the United States.  At all times relevant to this

Complaint, acting alone or in concert with others, Gravity Defyer has advertised, marketed,

distributed, or sold footwear to consumers throughout the United States, including in the District

of Columbia.

7.      Defendant Alexander Elnekaveh is the founder, chairman, president, secretary,

and sole owner of Gravity Defyer.  At all times relevant to this Complaint, acting alone or in

concert with others, he has formulated, directed, controlled, had the authority to control, or

participated in the acts and practices of Gravity Defyer, including the acts and practices set forth

in this Complaint.  Defendant Elnekaveh invented the VersoShock sole contained in Gravity

Defyer footwear and has overseen daily operations of the business, including (a) product

development, (b) business strategy, and (c) approval of advertising and marketing materials.

Defendant Elnekaveh also (a) conceived of, (b) decided to fund, and (c) participated in

formulating a protocol for, clinical research on the VersoShock sole that has been cited in

Gravity Defyer ads.  Defendant Elnekaveh, in connection with the matters alleged herein,

transacts or has transacted business in this District and throughout the United States.

**COMMERCE**

8.      At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**THE COMMISSION ORDER**

9.      In 2001, the Commission issued an administrative complaint against Esrim Ve Sheva Holding Corporation, sometimes doing business as Gadget Universe ("Gadget Universe"), and Alexander Elnekaveh, individually and as an officer of the corporation.  Exhibit A, pp. 1-3, *In re Esrim Ve Sheva Holding Corp., et al.*, 132 F.T.C. 736, 2001 FTC LEXIS 192 ("2001 Complaint").  The 2001 Complaint charged Gadget Universe and Defendant Elnekaveh with engaging in unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  *Id.,* p. 3, ¶ 12.  It alleged that Defendant Elnekaveh, individually or in concert with others, formulated, directed, or controlled the policies, acts, or practices of Gadget Universe.  *Id.*, p. 1, ¶ 1b.

10.     According to the 2001 Complaint, Gadget Universe and Defendant Elnekaveh advertised, offered for sale, sold, and distributed to the public Super FuelMAX, an automotive aftermarket fuel-line magnet device.  The Commission alleged that Gadget Universe and Defendant Elnekaveh represented that when applied to a motor vehicle fuel line, Super FuelMAX, among other things:  (a) reduced fuel consumption; (b) reduced fuel consumption by 27% or up to 27%; (c) reduced harmful emissions or pollutants; and (d) reduced harmful emissions or pollutants by 42% or up to 40%.  The Commission asserted that Gadget Universe and Defendant Elnekaveh did not have a reasonable basis that substantiated these representations and that they were therefore false or misleading.  *Id.*, p. 2, ¶¶ 5-7.

4

11.     The Commission further alleged that Gadget Universe and Defendant Elnekaveh represented that tests performed at a certified EPA laboratory proved that Super FuelMAX increased mileage by 27% and reduced harmful pollutants by 42%.  The Commission asserted, however, that tests performed by a certified EPA laboratory did not prove that Super FuelMAX increased mileage by 27% and reduced harmful pollutants by 42%, thus these representations about the test results also were false or misleading.  *Id.,* p. 2, ¶¶ 8-9.

12.     Finally, the Commission alleged that Gadget Universe and Defendant Elnekaveh represented that a testimonial by Defendant Elnekaveh appearing in Super FuelMAX's advertisements reflected both Defendant Elnekaveh's actual findings and experience with the product and the typical or ordinary experiences of people who used the product.  The Commission asserted, however, that the testimonial did not reflect Defendant Elnekaveh's actual findings and experience with the product and the typical or ordinary experience of people who used the product and, therefore, also was false or misleading.  *Id.*, p. 3, ¶¶ 10-11.

13.     Gadget Universe and Defendant Elnekaveh settled the 2001 Complaint with the Commission Order.  The Commission Order became final in December 2001.

14.     Part III of the Commission Order states:

IT IS FURTHER ORDERED THAT [Gadget Universe and Defendant Elnekaveh], directly or through any corporation, subsidiary, division, or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product in or affecting commerce, shall not misrepresent, in any manner, expressly or by implication, that the experience represented by any user testimonial or endorsement of the product represents the typical or ordinary experience of members of the public who used the product, unless:

A.      The representation is true and, at the time it is made, [Gadget Universe and Defendant Elnekaveh] possess and rely upon competent and reliable scientific evidence that substantiates the representation; or

5

B.      [Gadget Universe and Defendant Elnekaveh] disclose, clearly and prominently, and in close proximity to the endorsement or testimonial, either:

1.      what the generally expected results would be for users of the product, or

2.      the limited applicability of the endorser's experience to what consumers may generally expect to achieve, that is, that consumers should not expect to experience similar results.

For purposes of this Part, "endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

Exhibit A, p. 5.

15.     Part IV of the Commission Order states:

IT IS FURTHER ORDERED THAT [Gadget Universe and Defendant Elnekaveh], directly or through any corporation, subsidiary, division, or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product in or affecting commerce, shall not misrepresent, in any manner, expressly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test, study or research.

*Id.*

## DEFENDANTS' NOTICE OF THE COMMISSION ORDER

16.     On behalf of himself and Gadget Universe, Defendant Elnekaveh signed an

Agreement Containing Consent Order ("Agreement"), which included the Commission Order.

Among other things, the Agreement states:

[Gadget Universe and Defendant Elnekaveh] have read the [2001 Complaint] and [Commission Order].  They understand that they may be liable for civil penalties in the amount provided by law and other appropriate relief for each violation of the [Commission Order] after it becomes final.

Defendant Elnekaveh also signed a statement acknowledging receipt of the Commission

Order.

6

17.     As an officer and the sole owner of Gravity Defyer, Defendant Elnekaveh's knowledge of the Commission Order is imputed to Gravity Defyer.  Gravity Defyer thus has had actual notice of the Commission Order.  By virtue of the business activities described below, Gravity Defyer acted in active concert or participation with Defendant Elnekaveh in violating it.

### **DEFENDANTS' BUSINESS ACTIVITIES**

18.     Since at least 2011, Defendants have advertised, offered to sell, distributed, and sold Gravity Defyer footwear to consumers.  Since at least 2016, Defendants have advertised that Gravity Defyer footwear contains soles with VersoShock technology that relieve pain, including pain in people suffering from numerous conditions.  Gravity Defyer's customers are primarily people aged 55 and older.

19.     Defendants have sold Gravity Defyer's footwear to consumers throughout the United States, including to consumers in the District of Columbia, through Gravity Defyer's website, www.gravitydefyer.com; its in-house call center; stores located in Los Angeles, Huntington Beach, Palm Desert, and Encino, CA; and retailers such as The Walking Company, Hammacher Schlemmer, and Shoe City.  At various times relevant to this complaint, gravitydefyer.com has offered for sale over 100 different styles of shoes for men and women, including athletic shoes, casual shoes, dress shoes, hiking shoes and boots, and sandals.

20.     Retail prices for Gravity Defyer footwear have included, but are not limited to, the following approximate prices:  $140 for men's and women's sandals; $155 for the Mighty Walk and the Ion, which are widely-advertised men's and women's walking shoes; $155 for the Iokia, which is a walking shoe without laces; $170 and $180 for the Compass and the Cloud Walk, respectively, which are part of Gravity Defyer's ProWork line for people such as medical professionals who are on their feet all day; $185 and $210, respectively, for low-top and high-top

hiking shoes; $175 to $200 for various styles of men's casual and dress shoes; and up to $235 for men's work boots.

21.     Gravity Defyer's annual footwear sales, excluding refunds, totaled approximately $3.9 million in 2016, $9.6 million in 2017, and $13.1 million in 2018.  Sales of its footwear minus refunds in the first three quarters of 2019 were approximately $11.2 million.

22.     Defendants have advertised and marketed Gravity Defyer footwear through magazine advertisements, gravitydefyer.com, Facebook ads, Internet ads, radio commercials, and catalogs.  Gravity Defyer's magazine advertisements have appeared in a wide variety of publications, including *Reader's Digest*, *The Saturday Evening Post*, *WebMD*, *Weight Watchers*, *Arthritis Today*, *Diabetes Forecast*, *Guideposts*, *Sunset*, *The National Enquirer*, *Star*, *This Old House*, *Popular Science*, *Discover*, *Field & Stream*, *Outdoor Life*, *Sierra*, *Smithsonian*, *TV Guide*, *National Review*, *The New Yorker*, *The Atlantic*, *Time*, and *Military Officer*.  These advertisements have been widely disseminated to consumers throughout the United States.

23.     Defendants have represented that Gravity Defyer footwear will relieve pain, including knee, back, ankle, and foot pain, and pain in people suffering from conditions such as plantar fasciitis, arthritis, joint pain, and heel spurs.

24.     Defendants have represented that Gravity Defyer footwear is clinically proven to relieve pain, including 85% less knee pain, 91% less back pain, 92% less ankle pain, and 75% less foot pain.

25.     To induce consumers to purchase Gravity Defyer footwear, Defendants have disseminated or caused to be disseminated advertisements for various kinds of Gravity Defyer footwear.  These and other advertisements contain the following statements and depictions, among others:

A.    An excerpt of a magazine advertisement that ran from approximately 2017 to 2018:



B.   An excerpt of a magazine advertisement that ran from approximately 2018 to 2020:



C.     An excerpt of gravitydefyer.com captured on October 23, 2019 (page entitled "Knee Pain"):

Do Gravity Defyer shoes really relieve pain? Yes. Our shock absorbing soles and numerous comfort innovations have made Gravity Defyer the international leader of pain-relief shoe technology. Using advanced materials and engineering our shoes absorb harmful shock, so you feel great! Try them yourself. **They are clinically proven to relieve pain.**

D.     An excerpt of the gravitydefyer.com landing page captured on December 13, 2019:



E.  An excerpt of gravitydefyer.com captured on January 15, 2020:





## DIABETIC FRIENDLY SHOES

Our diabetic friendly orthopedic shoes work to prevent injuries and alleviate symptoms affecting diabetic foot health and longevity. We even have shoes that qualify for Medicare A5500 (/conditions/A5500). **What other health conditions might benefit from diabetic friendly shoes?** Oversensitivity, Edema (swelling), Neuropathy (nerve pain), Morton's neuroma, ulcers/inflammation open wounds bunions, calluses, ingrown toenails, foot pain (/conditions/foot-pain), ankle pain (), knee pain (/conditions/knee-pain)and back pain (/conditions/back-pain). Our shoes are designed to help. But you should always speak with your doctor about diagnosis and treatment options.

F.  An excerpt of the gravitydefyer.com technology page captured on April 3, 2020:



G.    A Facebook ad from January 2020:



H.      A Google ad:



I.      A Google text ad:

Shoes for Plantar Fasciitis
Clinically Proven Pain Relief
Pain Relief Is What We're All About!
No Risk 30 Day Home Trial + Free Shipping

J.    The cover of Gravity Defyer's September 2019 catalog:



26.     Defendants have also disseminated or caused to be disseminated advertisements for Gravity Defyer footwear that contain user testimonials.  Through these testimonials, Defendants have claimed that Gravity Defyer shoes alleviate pain located in the knees, back, or feet, or associated with conditions such as plantar fasciitis, arthritis, or neuropathy.

27.     Defendants lacked competent and reliable scientific evidence to substantiate the claims identified above.  The study cited in Gravity Defyer's ads has substantial flaws.  Among other things, it was of insufficient size and duration, failed to ensure adequate double-blinding, failed to adequately control for other treatments that participants might have received (such as medications or physical therapy), relied solely on participants' self-reported pain levels instead of including range of motion or other functional tests, failed to take into account data from approximately twice as many participants who wore Gravity Defyer shoes with and without the VersoShock sole, and included results from participants who stopped wearing the shoes.  It was also only designed to measure knee pain.  Thus, the study was not sufficient to determine the effects of wearing Gravity Defyer footwear on knee, back, ankle, or foot pain, or pain associated with the specific conditions claimed.

28.     Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission because, among other things:

      A.     Defendants continue to make deceptive pain relief claims on the website gravitydefyer.com;

      B.     Defendants have engaged in their unlawful acts and practices repeatedly over a period of approximately ten years;

C.      Defendant Elnekaveh has previously settled FTC charges of false or misleading advertising;

D.      Defendants continued to disseminate their deceptive advertising despite repeated recommendations from the National Advertising Division of BBB National Programs, Inc. that they discontinue such claims; and

E.      Defendants remain in the business of marketing and selling footwear and maintain the means, ability, and incentive to continue their unlawful conduct.

## VIOLATIONS OF THE COMMISSION ORDER

### Count I

### MISREPRESENTING THAT A USER TESTIMONIAL IS TYPICAL

29.      Part III of the Commission Order prohibits Defendant Elnekaveh and those with notice of the Commission Order who act in active concert or participation with him from claiming that the experience described in a user testimonial represents the typical or ordinary experience of people who use the product, unless the representation is true and Defendant Elnekaveh possesses and relies upon competent and reliable scientific evidence that substantiates the claim or there is a disclosure that complies with Part III of the Commission Order.

30.      Since at least 2016, advertisements for Gravity Defyer footwear have contained user testimonials claiming that the shoes alleviate pain located in the knees, back, or feet, or associated with conditions such as plantar fasciitis, arthritis, or neuropathy. Through these testimonials, Defendants have implied that the experiences described in the testimonials represent the typical or ordinary experiences of people who use the product.

31.      Defendants' representation that the experiences described in the testimonials represent the typical or ordinary experiences of people who use the product were not

substantiated by competent and reliable scientific evidence, nor did they contain a disclosure that complied with Part III of the Commission Order.

32.     Therefore, the representations set forth in Paragraph 30 violate Part III of the Commission Order.

**Count II**

**MISREPRESENTING THE RESULTS OF A STUDY**

33.     Part IV of the Commission Order prohibits Defendant Elnekaveh and those with notice of the Commission Order who act in active concert or participation with him from misrepresenting "the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research."

34.     Since at least 2017, Defendants, citing a study, have represented that Gravity Defyer footwear is clinically proven to relieve pain, including knee, back, ankle, and foot pain.

35.     In fact, the study did not demonstrate that Gravity Defyer footwear was clinically proven to relieve pain.

36.     Therefore, the representations set forth in Paragraph 34 violate Part IV of the Commission Order.

**VIOLATIONS OF THE FTC ACT**

37.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

38.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

39.     Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to

induce, the purchase of food, drugs, devices, services, or cosmetics.  For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, Gravity Defyer footwear is a "device" as defined in Section 15(d) of the FTC Act, 15 U.S.C. § 55(d).

## Count III

## FALSE OR UNSUBSTANTIATED EFFICACY CLAIMS

40.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Gravity Defyer footwear, including through the means described in Paragraphs 18 to 26, Defendants have represented, directly or indirectly, expressly or by implication, that:

A.     People who have knee pain and wear Gravity Defyer footwear will experience significantly less pain, including by as much as 85%;

B.     People who have back pain and wear Gravity Defyer footwear will experience significantly less pain, including by as much as 91%;

C.     People who have ankle pain and wear Gravity Defyer footwear will experience significantly less pain, including by as much as 92%;

D.     People who have foot pain and wear Gravity Defyer footwear will experience significantly less pain, including by as much as 75%; and

E.     Gravity Defyer footwear will relieve pain, including pain in people suffering from conditions such as plantar fasciitis, arthritis, joint pain, and heel spurs.

41.     The representations set forth in Paragraph 40 are false or misleading or were not substantiated at the time the representations were made.

42.     Therefore, the making of the representations as set forth in Paragraph 40 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## Count IV

## FALSE PROOF CLAIMS

43.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Gravity Defyer footwear, including through the means described in Paragraphs 18 to 26, Defendants have represented, directly or indirectly, expressly or by implication, that Gravity Defyer footwear is clinically proven to:

A.     Relieve pain, including knee, back, ankle, and foot pain;

B.     Reduce knee pain by 85%;

C.     Reduce back pain by 91%;

D.     Reduce ankle pain by 92%; and

E.     Reduce foot pain by 75%.

44.     The representations set forth in Paragraph 43 are false.

45.     Therefore, the making of the representations as set forth in Paragraph 43 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## <u>CONSUMER INJURY</u>

46.     Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the Commission Order and the FTC Act.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court:

A.      Enter judgment against Defendants and in favor of Plaintiff for violating the Commission Order as alleged in this Complaint;

B.      Enter judgment against Defendants and in favor of Plaintiff for violating the FTC Act as alleged in this Complaint;

C.      Award Plaintiff monetary civil penalties from Defendants for each violation of the Commission Order;

D.      Enter a permanent injunction to prevent future violations of the FTC Act;

E.      Award monetary and other relief within the Court's power to grant; and

F.      Award any additional relief as the Court determines to be just and proper.


Dated:  May 25, 2022                        Respectfully submitted,


                                             /s/ Maria Del Monaco
                                            Maria Del Monaco, OH Bar 0067930
                                            mdelmonaco@ftc.gov, (216) 263-3405
                                            Dana C. Barragate, OH Bar 0065748
                                            dbarragate@ftc.gov, (216) 263-3402
                                            Mathew M. Scheff, OH Bar 0082229
                                            mscheff@ftc.gov, (216) 263-3414
                                            Adrienne M. Jenkins, OH Bar 0089568
                                            ajenkins@ftc.gov, (216) 263-3411
                                            Federal Trade Commission
                                            1111 Superior Avenue, Suite 200
                                            Cleveland, OH 44114
                                            (216) 263-3426 (fax)

                                            Attorneys for Plaintiff
                                            Federal Trade Commission