UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GRAVITY DEFYER MEDICAL TECHNOLOGY CORP., *et al.,*<br><br>Defendants. | Case No. 1:22-cv-01464-RDM |

**STIPULATION AND [PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS**

Plaintiff Federal Trade Commission and Defendants Gravity Defyer Medical Technology Corporation and Alexander Elnekaveh hereby stipulate to, and respectfully request an order entering, the following protocol for conducting depositions via remote means pursuant to Federal Rules of Civil Procedure 29(a) and 30(b)(4):

1. This stipulation permits the parties to notice and take depositions by remote means. The parties further stipulate that this protocol shall govern the procedures for any non-party depositions taken by remote means to the extent that the non-party does not object to the provisions herein.

2. The parties agree to work collaboratively to address and troubleshoot technological issues that arise during a remote deposition and make such provisions as are reasonable under the circumstances to address such issues. The parties further agree that:

    a. Any time spent on the day of the deposition resolving or attempting to resolve technical difficulties that occur during a remote deposition will not count against the time a party has to depose a witness under the Federal Rules of Civil Procedure.

     b. Should technical issues materially interfere with deposing counsel's ability to conduct any remote deposition as scheduled and such technical issues cannot be remedied in a timely manner, counsel for the parties shall meet, confer, and reasonably cooperate with one another regarding the rescheduling of the remote deposition.

3. The parties agree that the court reporter may administer the oath to the witness remotely via videoconference and any oaths administered remotely will satisfy the requirements of Federal Rule of Civil Procedure 30(b)(5), even if the court reporter is not a notary public in the state where the deponent resides.

4. In addition to recording deposition testimony by stenographic means, the deposing party may record the witness via video after complying with the notice and other requirements generally required for video recorded depositions.

5. Remote depositions may be used at a trial or hearing in the same manner as an in-person deposition may be used at a trial or hearing. All objections to the use and admissibility of a transcript or video of a deposition based on the fact that the deposition was taken by remote means are deemed waived.

6. All persons participating in and/or observing a remote deposition shall be identified on the record.

7. The witness, the attorney(s) asking questions during the deposition, and the attorney(s) defending the deposition shall appear on-screen with their cameras turned on.

8. The witness will only testify from memory or using exhibits provided at the remote deposition.

9. The witness will not use notes or any electronic devices during questioning other than the equipment needed to conduct the remote deposition.

10. All persons participating in and/or observing a remote deposition agree that the typical rules governing communications with witnesses apply, including but not limited to:

   a. While on the record, the deponent will not privately confer with anyone between a question and an answer except for conferring with deponent's counsel regarding the existence of a privilege, provided the reason for that conferral is stated on the record.

   b. No counsel shall initiate a private conference, including through text message, email, or the chat feature in the videoconferencing system, with any deponent during testimony, except for the purpose of determining whether a privilege should be asserted.

11. The parties agree not to oppose reasonable accommodations to allow conferences during breaks, as well as communications between co-counsel during the deposition.

12. All persons attending the deposition shall ensure they can do so in a space relatively free from distractions that would inhibit the course of the deposition.

STIPULATED TO AND RESPECTFULLY SUBMITTED BY:

| | |
|---|---|
| /s/ J. Kathleen Bond | /s/ Maria Del Monaco |
| J. Kathleen Bond (#985786) | Maria Del Monaco, OH Bar 0067930 |
| Samuel A. Butler (#D00479) | mdelmonaco@ftc.gov, (216) 263-3405 |
| Keller & Heckman, LLP | Mathew M. Scheff, OH Bar 0082229 |
| 1001 G Street, NW, Suite 500W | mscheff@ftc.gov, (216) 263-3414 |
| Washington, DC 20001 | Adrienne M. Jenkins, OH Bar 0089568 |
| Phone (202) 434-4100 | ajenkins@ftc.gov, (216) 263-3411 |
| bondk@khlaw.com | Derek E. Diaz, OH Bar 0069755 |
| butler@khlaw.com | ddiaz@ftc.gov, (216) 263-3421 |
| | Federal Trade Commission |
| Attorneys for Defendants | 1111 Superior Avenue, Suite 200 |
| Gravity Defyer Medical Technology Corp. | Cleveland, OH 44114 |
| and Alexander Elnekaveh | (216) 263-3426 (fax) |
| | |
| | Attorneys for Plaintiff |
| | Federal Trade Commission |

Jonathan W. Emord (#407414)
Emord & Associates, PC
11808 Wolf Run Lane
Clifton, VA 20124
Phone (202) 466-6937
jemord@emord.com

Attorney for Defendant
Alexander Elnekaveh

SO ORDERED:

Date: 10/9/24

_____
Randolph D. Moss
United States District Judge