UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAVITY DEFYER MEDICAL<br>TECHNOLOGY CORP., *et al.,*<br><br>    Defendants. | Case No. 1:22-cv-01464-RDM |

**JOINT MOTION FOR ENTRY OF STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF**

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Gravity Defyer Medical Technology Corporation and Alexander Elnekaveh (collectively, "Defendants") respectfully request the Court to approve and enter the attached Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Stipulated Order"), which would fully resolve this litigation.[1] As explained more fully below, this Court should approve and enter the Stipulated Order because the parties validly consented to it; it is fair, adequate, reasonable, and appropriate under the particular facts; and it accords with the public interest. *See Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983); *United States v. Facebook, Inc.*, 456 F. Supp.3d 115, 121 (D.D.C. 2020); *SEC v. Hitachi, Ltd.*, No. 1:15-cv-01573 (CKK), 2015 WL 7566666, at *3 (D.D.C. Nov. 24, 2015); *United States v. Wells Fargo Bank, NA*, 891 F. Supp.2d 143, 144-45 (D.D.C. 2012).

---

[1] This Court previously granted the parties' Joint Motion to Extend All Case Deadlines by Ninety Days Pending Settlement (Dkt. 31) in a Minute Order dated October 22, 2024. The

1

**ARGUMENT**

I. **THE PARTIES VALIDLY CONSENTED TO THE STIPULATED ORDER.**

The undersigned counsel represent that the Stipulated Order is the product of lengthy, good-faith, arm's-length negotiations, which started before this lawsuit was filed and continued intermittently throughout the litigation. All parties are sophisticated and ably represented by counsel, including counsel experienced in FTC law and practice. The Stipulated Order clearly sets forth the scope of injunctive relief; the amount of the civil penalty and when it should be paid; and compliance, monitoring, and other terms to which the parties have agreed. In agreeing to the Stipulated Order, each party considered the risks of litigating this action and the benefits of avoiding protracted litigation. Finally, the Stipulated Order has been signed by the individual defendant on behalf of himself and the corporate defendant, and by counsel for the FTC following a Commission vote approving the Stipulated Order. These circumstances establish that the parties validly consented to the Stipulated Order. *See Facebook,* 456 F. Supp.3d at 121; *Hitachi,* 2015 WL 7566666, at *3; *Wells Fargo Bank,* 891 F. Supp.2d at 145.

II. **THE STIPULATED ORDER IS FAIR, ADQUATE, REASONABLE, AND APPROPRIATE UNDER THE PARTICULAR FACTS.**

In evaluating a stipulated order settling the allegations of a complaint, courts often evaluate both its procedural and substantive fairness. *Facebook,* 456 F. Supp.3d at 121; *Wells Fargo Bank,* 891 F. Supp.2d at 145. Here the Stipulated Order itself indicates that the parties' agreement is procedurally fair, and there is no evidence of a conflict of interest or collusion of any kind. The Stipulated Order thus easily satisfies the procedural fairness threshold. *See id.*

---

Commission has since voted to approve the Stipulated Order, and a copy signed by all parties to this lawsuit is attached to this motion.

The Stipulated Order is also substantively fair, adequate, reasonable, and appropriate under the particular facts.  In undertaking this inquiry, courts do not second-guess the parties' judgments or evaluate proposed orders as if the plaintiffs' allegations had already been proven at trial, but instead consider whether the orders achieve their stated objectives.  *Facebook,* 456 F. Supp.3d at 121-22.

The Stipulated Order provides for numerous kinds of injunctive relief, which are designed to ensure that defendants' future advertising complies with the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq*.  The injunctive relief covers health-related claims requiring human clinical testing for substantiation; other health-related claims; representations regarding tests, studies, or other research; the preservation of records relating to competent and reliable human clinical tests or studies; deceptive claims generally; and testimonials and endorsements.  Stipulated Order, Sections I-VI.  Defendants are also required to send resellers, retailers, and distributors a notification letter attached to the Stipulated Order, which advises them that Gravity Defyer has agreed to stop making certain claims for its footwear products.  *Id.*, Section VIII.  These provisions address the allegations in Counts III and IV of the FTC's Complaint for Permanent Injunction, Civil Penalties, and Other Relief (Dkt. 1) ("Complaint").

In addition, the Stipulated Order requires Mr. Elnekaveh to pay a $175,000 civil penalty, which the parties agreed upon after considering the factors set forth in *United States v. Reader's Digest Ass'n*, 494 F. Supp. 770, 772 (D. Del. 1980), *aff'd*, 662 F.2d 955 (3d Cir. 1981).  This provision addresses Counts I and II of the Complaint and should deter any future violations of Commission orders.  *See* Stipulated Order, Section VII.  Finally, the Stipulated Order contains order acknowledgements, compliance reporting, recordkeeping, compliance monitoring, and retention of jurisdiction provisions that are standard in FTC Orders and help ensure that the FTC

can monitor and, if necessary, enforce Defendants' compliance.  Stipulated Order, Sections IX-XIII.

These and the other detailed provisions discussed above reflect a thoughtful balancing of the parties' goals in this litigation and are consistent with relevant case law and prior Commission practice.  The proposed remedies are reasonable given the Complaint's allegations.  In arriving at these terms, the parties assessed the risks and costs associated with litigation, including the costs of expert testimony, and the benefits of avoiding those risks and costs.  In these circumstances, the Stipulated Order is fair, adequate, reasonable, and appropriate considering the particular facts at issue, and this Court should approve its entry.  *See Facebook,* 456 F. Supp.3d at 121-24; *Hitachi,* 2015 WL 7566666, at *3-4; *Wells Fargo Bank,* 891 F. Supp.2d at 145-46.

### III.    THE STIPULATED ORDER ACCORDS WITH THE PUBLIC INTEREST.

In determining whether a stipulated order is consistent with the public interest, courts consider whether the agreement "is not unlawful, unreasonable, or against public policy."  *Facebook,* 456 F. Supp.3d at 124; *Hitachi,* 2015 WL 7566666, at *4; *Wells Fargo Bank,* 891 F. Supp.2d at 146.  As explained above, the Stipulated Order is reasonable, and it is not unlawful or against public policy.  It does not harm the public interest or the rights of third parties in any way.  On the contrary, courts have noted that the public benefits "from the saving of time and money that results from the voluntary settlement of litigation."  *Citizens for a Better Env't,* 718 F.2d at 1126; *Facebook,* 456 F. Supp.3d at 125.

**CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court approve and enter the attached Stipulated Order resolving this case.

Respectfully submitted,

| | |
|---|---|
| _/s/ Samuel A. Butler_ | _/s/ Maria Del Monaco_ |
| J. Kathleen Bond (#985786) | Maria Del Monaco, OH Bar 0067930 |
| Samuel A. Butler (#D00479) | mdelmonaco@ftc.gov, (216) 263-3405 |
| Keller & Heckman, LLP | Mathew M. Scheff, OH Bar 0082229 |
| 1001 G Street, NW, Suite 500W | mscheff@ftc.gov, (216) 263-3414 |
| Washington, DC 20001 | Adrienne M. Jenkins, OH Bar 0089568 |
| Phone (202) 434-4100 | ajenkins@ftc.gov, (216) 263-3411 |
| bondk@khlaw.com | Derek E. Diaz, OH Bar 0069755 |
| butler@khlaw.com | ddiaz@ftc.gov, (216) 263-3421 |
| | Federal Trade Commission |
| Attorneys for Defendants | 1111 Superior Avenue, Suite 200 |
| Gravity Defyer Medical Technology Corp. | Cleveland, OH 44114 |
| and Alexander Elnekaveh | (216) 263-3426 (fax) |
| | |
| | Attorneys for Plaintiff |
| | Federal Trade Commission |

Jonathan W. Emord (#407414)
Emord & Associates, PC
11808 Wolf Run Lane
Clifton, VA 20124
Phone (202) 466-6937
jemord@emord.com

Attorney for Defendant
Alexander Elnekaveh