UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>GRAVITY DEFYER MEDICAL TECHNOLOGY CORPORATION, also d/b/a GRAVITY DEFYER CORPORATION, a corporation; and<br><br>ALEXANDER ELNEKAVEH, individually and as an officer of GRAVITY DEFYER MEDICAL TECHNOLOGY CORPORATION,<br><br>    Defendants. | Case No. 1:22-cv-01464-RDM<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalties, and Other Relief ("Complaint") for a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 5(a), 5(*l*), 12, 13(b), and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(*l*), 52, 53(b), and 56(a)(1). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Sections 5(a), 5(*l*), and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 45(*l*), and 52, in the advertising, marketing, distributing, and selling of Gravity Defyer footwear.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Covered Product"** means any Device, including but not limited to Gravity Defyer footwear or any other footwear that purports to reduce or relieve pain, including pain in people suffering from conditions such as plantar fasciitis, arthritis, joint pain, or heel spurs.

B. **"Device"** means an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is (1) recognized in the official National Formulary, or the United States Pharmacopeia, or any supplement to them; (2) intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in humans or other animals; or (3) intended to affect the structure or any function of the body of humans or other animals; and which does not achieve any of its principal intended purposes through chemical action within or on the body of humans or other animals and which is not dependent upon being metabolized for the achievement of any of its principal intended purposes.

C.  "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

    1.  "**Corporate Defendant**" means Gravity Defyer Medical Technology Corporation, also d/b/a Gravity Defyer Corporation, and its successors and assigns.

    2.  "**Individual Defendant**" means Alexander Elnekaveh.

## ORDER

## I. PROHIBITED REPRESENTATIONS: REGARDING HEALTH-RELATED CLAIMS REQUIRING HUMAN CLINICAL TESTING FOR SUBSTANTIATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation that:

A.  Wearing such product will eliminate, reduce, or relieve pain in the knees, feet, ankles, back, hips, or other body parts, other than pain ordinarily induced by the pressure or shock of the weight-bearing effects of walking, running or prolonged standing;

B.  Wearing such product will enable people to live pain free, live life without pain, or leave pain behind;

C.  Such product is proven or shown to reduce or relieve pain;

D.  Wearing such product will result in quantified percentages or amounts of pain relief;

E.  Wearing such product will prevent, treat, or relieve pain resulting from conditions such as plantar fasciitis, arthritis, joint pain, or heel spurs; or

F.  Wearing such product will cure, mitigate, or treat any disease

unless the representation is non-misleading, and, at the time of making such representation, they possess and rely upon competent and reliable scientific evidence substantiating that the representation is true. For purposes of this Section, competent and reliable scientific evidence must consist of human clinical testing of the Covered Product that is sufficient in quality and quantity based on standards generally accepted by experts in the relevant disease, condition, or function to which the representation relates, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. Such testing must be: (1) randomized, double-blind, and placebo-controlled; and (2) conducted by researchers qualified by training and experience to conduct such testing. In addition, all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of such testing as described in the Section titled Preservation of Records Relating to Competent and Reliable Human Clinical Tests or Studies must be available for inspection and production to the Commission.

## II. PROHIBITED REPRESENTATIONS: OTHER HEALTH-RELATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, including through the use of a product name, endorsement,

depiction, or illustration, any representation, other than representations covered under the Section of this Order entitled Prohibited Representations: Regarding Health-Related Claims Requiring Human Clinical Testing for Substantiation, about the health benefits, performance, efficacy, safety, or side effects of any Covered Product, unless the representation is non-misleading, and, at the time of making such representation, they possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted by experts in the relevant disease, condition, or function to which the representation relates, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.

For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies (1) that have been conducted and evaluated in an objective manner by experts in the relevant disease, condition, or function to which the representation relates; (2) that are generally accepted by such experts to yield accurate and reliable results; and (3) that are randomized, double-blind, and placebo-controlled human clinical testing of the Covered Product, when such experts would generally require such human clinical testing to substantiate that the representation is true. In addition, when such tests or studies are human clinical tests or studies, all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of such testing as set forth in the Section entitled Preservation of Records Relating to Competent and Reliable Human Clinical Tests or Studies must be available for inspection and production to the Commission.

### III. PROHIBITED REPRESENTATIONS REGARDING TESTS, STUDIES, OR OTHER RESEARCH

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive

5

actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product are permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name, endorsement, depiction, or illustration:

A. That any Covered Product is clinically proven to reduce or relieve pain, including knee, foot, ankle, or back pain;

B. That the performance or benefits of any product are scientifically or clinically proven or otherwise established; or

C. The existence, contents, validity, results, conclusions, or interpretations of any test, study, or other research.

## IV. PRESERVATION OF RECORDS RELATING TO COMPETENT AND RELIABLE HUMAN CLINICAL TESTS OR STUDIES

IT IS FURTHER ORDERED that, with regard to any human clinical test or study ("test") upon which Defendants rely to substantiate any claim covered by this Order, Defendants must secure and preserve all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of the test, including:

A. All protocols and protocol amendments, reports, articles, write-ups, or other accounts of the results of the test, and drafts of such documents reviewed by the test sponsor or any other person not employed by the research entity;

B. All documents referring or relating to recruitment; randomization; instructions, including oral instructions, to participants; and participant compliance;

C. Documents sufficient to identify all test participants, including any participants who did not complete the test, and all communications with any participants relating to the test; all raw

6

data collected from participants enrolled in the test, including any participants who did not complete the test; source documents for such data; any data dictionaries; and any case report forms;

D.     All documents referring or relating to any statistical analysis of any test data, including any pretest analysis, intent-to-treat analysis, or between-group analysis performed on any test data; and

E.     All documents referring or relating to the sponsorship of the test, including all communications and contracts between any sponsor and the test's researchers.

*Provided, however,* the preceding preservation requirement does not apply to a reliably reported test, unless the test was conducted, controlled, or sponsored, in whole or in part by (1) any Defendant; (2) any Defendant's officers, agents, representatives, or employees; (3) any other person or entity in active concert or participation with any Defendant; (4) any person or entity affiliated with or acting on behalf of any Defendant; (5) any supplier of any ingredient contained in the product at issue to any of the foregoing or to the product's manufacturer; or (6) the supplier or manufacturer of such product.

For purposes of this Section, "reliably reported test" means a report of the test has been published in a peer-reviewed journal, and such published report provides sufficient information about the test for experts in the relevant field to assess the reliability of the results.

For any test conducted, controlled, or sponsored, in whole or in part, by Defendants, Defendants must establish and maintain reasonable procedures to protect the confidentiality, security, and integrity of any personal information collected from or about participants. These procedures must be documented in writing and must contain administrative, technical, and physical safeguards appropriate to Corporate Defendant's size and complexity, the nature and

scope of Defendants' activities, and the sensitivity of the personal information collected from or about the participants.

## V. PROHIBITION AGAINST DECEPTIVE CLAIMS, INCLUDING FALSE AND/OR UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product are permanently restrained and enjoined from making any representation, other than representations covered by the Section titled Prohibited Representations: Regarding Health-Related Claims Requiring Human Clinical Testing For Substantiation or the Section titled Prohibited Representations: Other Health-Related Claims, expressly or by implication, about the benefits, performance, or efficacy of such product, unless the representation is non-misleading, including that, at the time such representation is made, Defendants possess a reasonable basis for the representation.

## VI. PROHIBITED REPRESENTATIONS REGARDING TESTIMONIALS AND ENDORSEMENTS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product shall not misrepresent, in any manner, expressly or by implication, that any user testimonial or endorsement of the product reflects the actual and current opinions, findings, beliefs, or experiences of the user.

## VII. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Hundred Seventy-Five Thousand Dollars ($175,000) is entered in favor of the Commission against the Individual Defendant as a civil penalty.

B. The Individual Defendant is ordered to pay to the Commission One Hundred Seventy-Five Thousand Dollars ($175,000), which, as the Individual Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. The Individual Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E. Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

F. Each Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other

lawful purposes, including collecting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VIII. NOTICE TO RESELLERS

IT IS FURTHER ORDERED that within 30 days of the effective date of this Order, Defendants must notify all resellers, retailers, and distributors by sending each by first-class mail, postage paid and return receipt requested, or by courier service with signature proof of delivery, the notification letter attached as Attachment 1. Defendants must include a copy of this Order but no other document or enclosure.

## IX. ORDER ACKNOWLEDGEMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 20 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including

all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including alias or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and any Internet address of the business or entity.

C.  Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *In re Gravity Defyer Medical Technology Corporation*.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

    B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

    D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

    E.    a copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce records for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

### XIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 15th day of January, 2025.

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION**

*Maria Del Monaco*                                Date: January 14, 2025
Maria Del Monaco, OH Bar 0067930
mdelmonaco@ftc.gov, (216) 263-3405
Mathew M. Scheff, OH Bar 0082229
mscheff@ftc.gov, (216) 263-3414
Adrienne M. Jenkins, OH Bar 0089568
ajenkins@ftc.gov, (216) 263-3411
Derek E. Diaz, OH Bar 0069755
ddiaz@ftc.gov, (216) 263-3421
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114
(216) 263-3426 (fax)

**FOR DEFENDANT GRAVITY DEFYER MEDICAL TECHNOLOGY CORPORATION**

_____           Date: October 16. 2024
ALEXANDER ELNEKAVEH, AS AN
OFFICEROF GRAVITY DEFYER
MEDICAL TECHNOLOGY
CORPORATION

_____           Date: October 17, 2024
J. Kathleen Bond (DC Bar #985786)
Samuel A. Butler (#D00479)
Keller & Heckman, LLP
1001 G Street, Suite 500W
Washington, DC  20001
(202) 434-4100
bondk@khlaw.com
butler@khlaw.com

**FOR DEFENDANT ALEXANDER ELNEKAVEH**

_____           Date: October 16 2024
ALEXANDER ELNEKAVEH,
INDIVIDUALLY

_____           Date: October 17, 2024
J. Kathleen Bond (DC Bar #985786)
Samuel A. Butler (#D00479)
Keller & Heckman, LLP
1001 G Street, Suite 500W
Washington, DC  20001
(202) 434-4100
bondk@khlaw.com
butler@khlaw.com

Jonathan W. Emord (#407414)
Emord & Associates, PC
11808 Wolf Run Lane
Clifton, VA  20124
(202) 466-6937
jemord@emord.com

16

**ATTACHMENT 1 to the Order – Retailer Letter Template:**

\<On Gravity Defyer Medical Technology Corporation Letterhead\>
\<Date\>
\<Addressee\>

Dear Gravity Defyer Retailer:

In response to a lawsuit by the Federal Trade Commission (FTC), Gravity Defyer has agreed to stop making certain claims for its footwear products.

To settle the FTC's case against us, Gravity Defyer has agreed to:

- stop using any advertising or promotional materials that claim our footwear products eliminate, reduce, or relieve knee, back, ankle, or foot pain, other than pain ordinarily induced by the pressure or shock of the weight-bearing effects of walking, running or prolonged standing;
- stop using any advertising or promotional materials that claim our footwear products will reduce pain by any specific percentages, or enable people to live pain free, live life without pain, or leave pain behind;
- stop using any advertising or promotional materials that claim our footwear products are proven or shown to relieve pain; and
- stop using any advertising or promotional materials that claim our footwear products prevent, treat, or relieve pain resulting from conditions such as plantar fasciitis, arthritis, joint pain, or heel spurs.

You can find out more about the settlement at [URL]. Please call [insert name and telephone numbers of the responsible Gravity Defyer attorney or officer] if you have any questions.

We thank you for your business and greatly appreciate your cooperation in this matter.

Sincerely,

Gravity Defyer Medical Technology Corporation